UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARL A. RAUSCHENBERG, JR., ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:12-CV-815 RM <br> (Arising out of 3:10-CR-140 RM) |

OPINION and ORDER

Earl Rauschenberg pleaded guilty to one count of possession of child pornography and was sentenced on September 15, 2011 to a term of 120 months' imprisonment, to be followed by a ten-year term of supervised release, and was ordered to pay a special assessment of $100.00. Judgment was entered that same day. On December 10, 2012, Mr. Rauschenberg filed a motion requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255, a motion for discovery of Brady evidence, and a motion asking that the court "allow him the opportunity for a future amending" of his petition.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a § 2255 motion be filed within one year of:

> (1) the date on which the judgment of conviction bec[ame] final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Mr. Rauschenberg hasn't argued that any of those provisions is applicable, but claims his motion is timely "with allowance of Supreme Court's (90) day extended time." Petn., at 12. His argument is misplaced. Even though "[f]or the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," Clay v. United States, 537 U.S. 522, 525 (2003), no appeal was filed in this case, so the relevant date for the starting of the one-year clock is September 15, 2011, the date upon which the judgment in this case became final. Mr. Rauschenberg's filing of his petition on December 10, 2012 is

outside the limitations period that ended on September 15, 2012, making the petition untimely.

Had Mr. Rauschenberg's petition been timely, he still could not prevail. Mr. Rauschenberg's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. That plea agreement, signed by Mr. Rauschenberg, his attorney Philip Skodinski, and Assistant United States Attorney John Maciejczyk contains the following language in paragraph 9(e):

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction and my sentence was determined or imposed, to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

Petn. To Enter A Guilty Plea, at 4 (emphasis in original). Despite the waivers and admissions in his plea agreement, Mr. Rauschenberg challenges his sentence based on his claims that (1) his counsel provided ineffective assistance by not investigating the computers, cell phones, and text messages involved in this case, the legality of the search warrants, the actions of defendant's wife, and the

3

interstate commerce connection, and by not explaining "equal protection under the law" and the differences between "criminal interstate attachment/detachment and civil interstate attachment/detachment;" (2) an "unconstitutional nexus attached for interstate commerce invocation;" (3) the government acknowledged that the actions charged amounted to a civil, not a criminal, action; and (4) Title 18 is unconstitutional, null, and void.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Rauschenberg said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that he read and had discussed the plea agreement with his counsel prior to the plea hearing, that he and his attorney had reviewed the sentencing guidelines prior to the plea hearing, that he was guilty of the charges contained in the Indictment, and that he was satisfied with the

4

representation his attorney had provided. In addition, Mr. Rauschenberg answered specific questions from the court about the waiver provision of his plea agreement:

> THE COURT: Now, as I understand it, as well, you have agreed to forfeit the computer described in the forfeiture count in the Indictment. The Government has agreed to dismiss Count 1 at the time of sentencing, and you have agreed to give up your right to appeal or challenge your conviction. Is that how you understand that?
>
> MR. RAUSHENBERG: Yes.
>
> THE COURT: Now, let's talk about that last point a little bit more because that's a very important provision. People who are sentenced in federal court ordinarily have the right to appeal their sentence. But, as I understand your agreement, you're giving up that right to appeal and the right to challenge your sentence or your conviction through any petition for post-conviction relief or petition for writ of habeas corpus or anything else like that. So that means that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Maciejczyk or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Skodinski in trying to represent you were to do anything with respect to the case that you didn't think was right, even if whatever went wrong meant your sentence turned it to be longer than it should have been, once we get to the sentencing hearing and I pronounce the sentence, you won't be able to complain about anything that went wrong to this court or any other court. Is that how you understand that?
>
> MR. RAUSCHENBERG: Yes.

Plea Hrg. Tr., at 13-14.

Mr. Rauschenberg hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Mr. Rauschenberg's statements at his change of plea hearing, statements made under

5

oath, are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Rauschenberg's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Rauschenberg during the plea colloquy, and Mr. Rauschenberg acknowledged that he understood. Because Mr. Rauschenberg's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Rauschenberg's claims of ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Rauschenberg] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Rauschenberg] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of

6

a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Rauschenberg] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Rauschenberg hasn't alleged he wouldn't have pleaded guilty had his attorney acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Rauschenberg hasn't carried his burden with respect to the prejudice prong.

Mr. Rauschenberg's remaining claims – that "an unconstitutional nexus attached for interstate commerce invocation," the charged action is a civil, not a criminal, action, and Title 18 is unconstitutional, null, and void – don't relate to the negotiation of the waiver of his right to appeal, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Rauschenberg's petition is untimely – and even if timely wouldn't entitle him to the relief he seeks – so the court SUMMARILY DISMISSES his petition filed

pursuant to 28 U.S.C. § 2255 [docket # 55], and DENIES his request for future amendment [docket # 56], his request for Brady material [docket # 57], and his request for a status update [docket # 58].

SO ORDERED.

ENTERED:   April 19, 2013

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   E. Rauschenberg
AUSA Maciejczyk