UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EARL A. RAUSCHENBERG, JR., ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:12-CV-815 RM <br> (Arising out of 3:10-CR-140 RM) |

OPINION and ORDER

Earl Rauschenberg pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and was sentenced in September 2011 to a term of 120 months imprisonment. No appeal was taken. In December 2012, Mr. Rauschenberg filed a petition pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated based on his claims that his counsel was ineffective, an "unconstitutional nexus attached for interstate commence invocation," the charges against him were civil in nature, not criminal, and Title 18 of the United States Code is unconstitutional. The court denied Mr. Rauschenberg's § 2255 petition on April 19, 2013 as untimely and because he had waived his right to contest his conviction and sentence in his plea agreement. Mr. Rauschenberg has filed an appeal of that order and is before the court asking that a certificate of appealability be issued. Although Mr. Rauschenberg hasn't filed a motion to proceed *in forma pauperis* on his appeal, the court will view his motion as including that request, as well.

Issuance of a certificate of appealability requires the court to find that Mr. Rauschenberg has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not done so. Mr. Rauschenberg didn't establish that his petition was timely, that his guilty plea was anything but informed and voluntary, or that his counsel provided ineffective assistance. His request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Rauschenberg's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Rauschenberg's motion for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal [docket # 63] is DENIED.

SO ORDERED.

ENTERED:   August 21, 2013  

    /s/ Robert L. Miller, Jr.  
    Judge, United States District Court

cc:  E. Rauschenberg
     AUSA Maciejczyk